IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN OSCAR SPENCER,

           OPINION AND ORDER

    Plaintiff,

              20-cv-238-bbc

  v.

JAMIE BARKER AND DR. HANNULA,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Christian Oscar Spencer contends that defendants Dr. Hannula and Jamie Barker, medical staff at Stanley Correctional Institution, have denied him medication and a low bunk restriction for his seizure disorder. Now before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Dkt. #13. Because defendants have shown that plaintiff failed to exhaust his administrative remedies, I will grant defendants' motion and will dismiss plaintiff's claims without prejudice.

OPINION

  Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step within the administrative process, Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, Cannon v. Washington, 418

1

F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.  To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310.  An inmate must file an inmate complaint with the institution complaint examiner, who will then make a recommendation to the reviewing authority.  After the reviewing authority makes a decision, the inmate may then appeal to the corrections complaint examiner, who makes a recommendation to the Secretary of the Department of Corrections for a final decision. Wis. Admin. Code § DOC 310.07-310.13.  The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation.  Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).  Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants.  Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

  Plaintiff is proceeding on claims that (1) he was denied seizure medication, and (2) he was denied a low bunk restriction.  Defendants contend that plaintiff failed to exhaust his administrative remedies as to either claim.  Defendants have submitted evidence showing that plaintiff filed an inmate complaint about the denial of a lower bunk restriction, but that plaintiff failed to appeal to the corrections complaint examiner after that complaint was dismissed by the reviewing authority.  Dkt. #15-1 (plaintiff's inmate complaint history report). The evidence also shows that plaintiff never filed an inmate complaint about the denial of seizure medication.  Id.  Plaintiff has submitted evidence supporting the merits of

2

his claims, but he has not submitted any evidence showing that he filed an inmate complaint relating to seizure medication or that he appealed the denial of his complaint about the low bunk restriction.  Therefore, I must dismiss his Eighth Amendment claims for his failure to exhaust his administrative remedies.  The dismissal is without prejudice, meaning that plaintiff can file a new lawsuit asserting his claims if he is able to fully exhaust his administrative remedies before doing so.  Chambers v. Sood, 956 F.3d 979, 984 (7th Cir. 2020).

## ORDER

IT IS ORDERED that

1.  Defendants Dr. Hannula and Jamie Barker's motion for summary judgment, dkt. #13, is GRANTED.

2.  Plaintiff Christian Oscar Spencer's claims are DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies before filing this lawsuit.

Entered this 9th day of November, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge